DECISION
Plaintiff appeals Defendant's proposed adjustments to her 2006 and 2007 Oregon state income tax returns. This matter is before the court on Defendant's request that the court affirm the proposed adjustments and Plaintiff's request that a final decision be issued.
 I. STATEMENT OF FACTS
Defendant issued Notices of Deficiency Assessments (Notice) for tax years 2006 and 2007 on December 29, 2009. Plaintiff appealed Defendant's adjustments for change in filing status from head of household to single and a change in the number of allowable exemptions from the three claimed to one allowed exemption. Defendant's representative, Faith Derickson (Derickson), Tax Auditor, stated in Defendant's Answer, filed April 13, 2010, that Defendant proposed the adjustments because Plaintiff was unable to substantiate her claimed filing status and exemptions.
After a substantial delay, Plaintiff wrote to Derickson on September 20, 2010, stating that she is "not able to get any more documentation." (Ptf's Ltr at 1, Sept 20, 2010.) Plaintiff wrote that she is separated from her children's father, but has no documentation to support that they do not live together or the amount of money she receives in cash from him "for the rent and any other support." (Id.) Plaintiff wrote that she "lost or threw away most of, better yet all of the *Page 2 
bills (rental agreement, phone bills, electricity etc.) I had[.]" (Id.) Plaintiff wrote that she sends money to her mother who lives in Mexico and her son, who also lives in Mexico. (Id. at 2.) Plaintiff wrote that she does not "have the money wires receipts." (Id.) Plaintiff wrote that "Fatima lives here in the U.S. with me." (Id.) Plaintiff's letter concluded by stating:
 "As you may know by now I'm not able to send you documents that you request. All I know is that I live and work here. I support both my kids. It is becoming really hard for me to deal with this kind of situation when I thought I was just doing what I thought was right."
 "Please take the better dec[i]sion you can take in my case and also accept my most sincere apologies for all the time and troubles I've caused with this matter. I will accept your final dec[i]sion." (Id.)
Derickson concluded "Plaintiff has not provided adequate substantiation to revise the adjustments." (Def's Status Report at 1, Oct 1, 2010.) She requested "that the Notices of Assessment of Deficiency * * * be upheld." (Id.)
 II. ANALYSIS
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proofshall fall upon the party seeking affirmative relief * * *." ORS 305.427 (2005) (emphasis added). Plaintiff must establish her claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Revenue, TC No 4530, WL 914208 at *2 (July 12, 2001) (citingFeves v. Dept. of Revenue, 4 OTR 302 (1971)).
Plaintiff offered no written documentation to support her claim that she is entitled to the filing status claimed and the exemptions claimed for tax years 2006 and 2007. Plaintiff admits that she "lost or threw away" any documents that might be related to the proposed adjustments. There is no evidence showing that Plaintiff's claimed dependents lived with her or that she *Page 3 
provided adequate support to claim her children as her dependents. Without written documentation, the court is unable to reach a conclusion contrary to that proposed by Defendant.
 III. CONCLUSION
Because Plaintiff has no written evidence to support the head of household filing status claimed and the two exemptions claimed for dependents for tax years 2006 and 2007, Defendant's proposed adjustments must be accepted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on October 21, 2010. The Court filed and entered thisdocument on October 21, 2010.